IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
CANAL INSURANCE COMPANY,      )
                              )
    Plaintiff,                )
                              )        CIVIL ACTION NO.
    v.                        )         3:07cv95-MHT
                              )
STEPHEN L. THOMAS, etc.,      )
et al.,                       )
                              )
    Defendants.               )
```

### ORDER

The allegations of the plaintiff's complaint are insufficient to invoke this court's diversity-of-citizenship jurisdiction. The allegations must show that the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332.

The plaintiff's complaint fails to meet this standard. First, the complaint gives the "residence" rather than the "citizenship" of defendants T.T., H.T., Darrel L. McDonel, Brett McAnally, and Jeff Fair. An allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of

that State.  Delome v. Union Barge Line Co., 444 F.2d 225, 233 (5th Cir.), cert. denied, 404 U.S. 995 (1971).

Second, the plaintiff has sued defendant Stephen L. Thomas in his capacity as personal representative for the estate of a decedent.  "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent ...."  28 U.S.C. § 1332(c)(2).  Because the complaint sets forth only the citizenship of the personal representative and not that of the decedent, the complaint does not adequately establish the ground for this court to assume jurisdiction of this matter.

Third, the complaint is insufficient because it does not indicate the citizenship of defendant Farmers Insurance Exchange.  If the entity is a corporation, then the complaint must allege the citizenship of both the State of incorporation and where the corporation has its principal place of business.  28 U.S.C. § 1332(c)(2); American Motorist Insur. Co. v. American Employers' Insur. Co., 600 F.2d 15, 16 & n. 1 (5th Cir. 1979) (per

curiam). If the entity is a partnership, the complaint must indicate the citizenship of the individual partners, both general and limited. Carden v. Arkoma Associates, 494 U.S. 185 (1990). If the entity is an unincorporated association, the complaint must indicate the citizenship of each and every one of its members. Xaros v. U.S. Fidelity and Guar. Co., 820 F.2d 1176, 1181 (11th Cir. 1987). And, if the entity consists of several entities, the complaint must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until February 16, 2007, to amend the complaint to allege jurisdiction sufficiently, see 28 U.S.C. § 1653; otherwise this lawsuit shall be dismissed with prejudice.

DONE, this the 8th day of February, 2007.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**