IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CANAL INSURANCE COMPANY )
                                      )

       **Plaintiff,**                )

                                        ) CIVIL ACTION NO.: 3:07 CV95-
                                        ) MHT

**v.**                                  )

                                        )

**STEPHEN L. THOMAS, as the** )
**Personal Representative and** )
**Administrator of the Estate of** )
**JANA E. THOMAS, deceased,** )
**T.T., a minor, by and through her** )
**Next friend and father, STEPHEN** )
**L. THOMAS; H.T., a minor by and** )
**Through his next friend and father,** )
**STEPHEN L. THOMAS; M&M** )
**TRUCKING COMPANY, INC.;** )
**DARREL L.MCDONEL;** )
**ROLLEN ROCK, INC., BRETT** )
**MCANALLY d/b/a ROLLEN** )
**ROCK, INC.; JEFF FAIR;** )
**NATIONWIDE MUTUAL** )
**INSURANCE COMPANY; AND** )
**FARMERS INSURANCE** )
**EXCHANGE,** )
                                        )
                                        )

       **Defendants.**             )

## DEFENDANT FARMERS INSURANCE EXCHANGE'S ANSWER TO AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Farmers Insurance Exchange, one of the Defendants in the above case, and answers the amended complaint for declaratory judgment as follows:

## PARTIES

1.    This Defendant admits the allegations in Paragraph One.

2.    This Defendant admits the allegations in Paragraph Two.

3.    This Defendant admits the allegations in Paragraph Three.

4.    This Defendant admits the allegations in Paragraph Four.

5.    This Defendant admits the allegations in Paragraph Five.

6.    This Defendant lacks sufficient information to either admit or deny the allegations in Paragraph Six. To the extent a response is required, Defendant denies the allegations in Paragraph Six and demands strict proof thereof.

7.    This Defendant lacks sufficient information to either admit or deny the allegations in Paragraph Seven. To the extent a response is required, Defendant denies the allegations in Paragraph Seven and demands strict proof thereof.

8.    This Defendant lacks sufficient information to either admit or deny the allegations in Paragraph Eight. To the extent a response is required,

Defendant denies the allegations in Paragraph Eight and demands strict proof thereof.

9.    This Defendant lacks sufficient information to either admit or deny the allegations in Paragraph Nine. To the extent a response is required, Defendant denies the allegations in Paragraph Nine and demands strict proof thereof.

10.    This Defendant admits the allegations in Paragraph Ten.

11.    This Defendant admits the allegations in Paragraph Eleven.

## JURISDICTION AND VENUE

12.    This Defendant admits the allegations in Paragraph Twelve.

13.    This Defendant denies the allegations in Paragraph Thirteen and demands strict proof thereof.

14.    This Defendant admits the allegations in Paragraph Fourteen.

15.    This Defendant denies the allegations in Paragraph Fifteen and demands strict proof thereof.

16.    This Defendant denies the allegations in Paragraph Sixteen and demands strict proof thereof.

## FACTS

17.    This Defendant admits the allegations in Paragraph Seventeen.

18.    This Defendant admits the allegations in Paragraph Eighteen.

19.     This Defendant admits the allegations in Paragraph Nineteen.

20.     This Defendant admits the allegations in Paragraph Twenty.

21.     This Defendant admits that the allegations stated in Paragraph Twenty-One are alleged in the underlying lawsuits. With respect to the accuracy of those allegations, Defendant denies the allegations in Paragraph Twenty-One and demands strict proof thereof.

22.     This Defendant admits the allegations in Paragraph Twenty-Two with respect to the Thomas lawsuit only.

23.     This Defendant lacks sufficient information to either admit or deny the allegations in Paragraph Twenty-Three. To the extent a response is required from this defendant, the allegations in Paragraph Twenty-Three are denied and Defendant demands strict proof thereof.

24.     This Defendant lacks sufficient information to either admit or deny the allegations in Paragraph Twenty-Four. To the extent a response is required from this defendant, the allegations in Paragraph Twenty-Four are denied and Defendant demands strict proof thereof.

25.     This Defendant lacks sufficient information to either admit or deny the allegations in Paragraph Twenty-Five. To the extent a response is required from this defendant, the allegations in Paragraph Twenty-Five are denied and Defendant demands strict proof thereof.

26.    This Defendant lacks sufficient information to either admit or deny the allegations in Paragraph Twenty-Six. To the extent a response is required from this defendant, the allegations in Paragraph Twenty-Six are denied and Defendant demands strict proof thereof.

27.    This Defendant lacks sufficient information to either admit or deny the allegations in Paragraph Twenty-Seven. To the extent a response is required from this defendant, the allegations in Paragraph Twenty-Seven are denied and Defendant demands strict proof thereof.

## BILL OF COMPLAINT

## COUNT ONE

## DECLARATORY JUDGMENT

28.    This Defendant lacks sufficient information to either admit or deny the allegations in Paragraph Twenty-Eight. To the extent a response is required from this defendant, the allegations in Paragraph Twenty-Eight are denied and Defendant demands strict proof thereof.

29.    This Defendant lacks sufficient information to either admit or deny the allegations in Paragraph Twenty-Nine. To the extent a response is required from this defendant, the allegations in Paragraph Twenty-Nine are denied and Defendant demands strict proof thereof.

/s/Ronald J. Gault
Ronald J. Gault (GAU004)
Attorney for Defendant
Farmers Insurance Exchange

**OF COUNSEL:**
GAINES, WOLTER & KINNEY, P.C.
3500 Blue Lake Drive, Suite 425
Birmingham, Alabama 35243
(205) 980-5888

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon counsel for all parties electronically or by placing a copy of same in the United States Mail, properly addressed and postage prepaid, this the 21st day of February, 2007, to:

Jeffrey C. Rickard
MARSH, RICKARD & BRYAN, P.C.
800 Shades Creek Parkway, Suite 600D
Birmingham, Alabama 35209

M&M Trucking Company, Inc.
Rollen Rock, Inc.
Brett McAnally d/b/a Rollen Rock, Inc.
Rolling Rock, Inc.
Brett McAnally d/b/a Rolling Rock, Inc.
c/o Elizabeth McAdory
The Mcadory Borg Law Firm, P.C.
121 Mitchum Avenue
Auburn, Alabama 36830

Jeff Fair
c/o James B. Douglas, Jr.
P.O. Box 1423
Auburn, Alabama 36831-1423

Nationwide Mutual Insurance Company
c/o George M Vaughn
PADEN & PADEN, P.C.
5 Riverchase Ridge
Birmingham, Alabama 35244

Darrel L. McDonel
153 E. 6th Street
Prattville, Alabama 36067


/s/Ronald J. Gault
OF COUNSEL