IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| STEPHEN L. THOMAS, as the Personal | ) | 3:07 CV 95 - MHT |
| Representative and Administrator of the | ) | |
| Estate of JANA E. THOMAS, deceased, | ) | |
| TAYLOR THOMAS, a minor, by and | ) | |
| through her next friend and father, | ) | |
| STEPHEN L. THOMAS; | ) | |
| M & M TRUCKING COMPANY, INC.; | ) | |
| DARYL L. MCDONALD; | ) | |
| ROLLEN ROCK, INC., | ) | |
| BRETT MCANALLY d/b/a ROLLING | ) | |
| ROCK, INC.; JEFF FAIR; NATIONWIDE | ) | |
| MUTUAL INSURANCE COMPANY; and | ) | |
| FARMERS INSURANCE EXCHANGE, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO AMEND COMPLAINT**

COMES NOW the Plaintiff, Canal Insurance Company, and pursuant to Rule 15 of the Federal Rules of Civil Procedure, moves this Court to enter an Order allowing it to file a Second Amended Complaint for Declaratory Judgment, and as grounds for such shows unto the Court as follows:

1.  Plaintiff Canal Insurance Company (hereinafer "Canal") initially filed a Complaint for Declaratory Judgment seeking this Court to declare the rights, duties

and obligations of Canal with respect to three underlying lawsuits pending in the Circuit Court of Lee County, Alabama. Specifically, the Complaint for Declaratory Judgment sought for this Court to determine whether the three underlying lawsuits arose from a single accident or occurrence as defined by the Canal Policy.

2. Subsequently, Canal filed an Amended Complaint for Declaratory Judgment pursuant to this Court's Order regarding the citizenship of certain individual Defendants as well as Farmers Insurance Exchange.

3. Canal seeks to file a Second Amended Complaint for Declaratory Judgment, a copy of which is attached hereto as "Exhibit 1," to assert a second cause of action for interpleader.

4. Specifically, Canal seeks to amend its Complaint to assert an interpleader claim pursuant to Rule 22 of the Federal Rules of Civil Procedure and interplead into this Court its single occurrence policy limits of one million dollars ($1,000,000).

5. Therefore, Canal prays this Court will enter an Order granting this Motion and allowing it to file its Second Amended Complaint and assert an additional cause of action for interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure.

WHEREFORE, premises considered, Plaintiff Canal Insurance Company, prays this Court will enter an Order granting this Motion and allowing it file a Second Amended Complaint for Declaratory Judgment.

Respectfully submitted,

<u>s/David R. Wells</u>
K. DONALD SIMMS (ASB-9801-M63K)
DAVID R. WELLS (ASB-5009-L50D)
Attorneys for Plaintiff,
Canal Insurance Company

OF COUNSEL:

MILLER, HAMILTON,
SNIDER & ODOM, L.L.C.
500 Financial Center
505 20th Street North
Birmingham, Alabama 35203
(205) 226-5200
(205) 226-5226     fax

CERTIFICATE OF SERVICE

  I do hereby certify that a true and correct copy of the foregoing pleading has been served upon the following via the CM/ECF electronic filing system, as well as by United States Mail, first-class postage pre-paid and properly addressed on this 6th day of March, 2007.

Steven L. Thomas
T. T.
H. T.
c/o David H. Marsh
Jeffrey C. Rickard
MARSH, RICKARD & BRYAN, P.C.
800 Shades Creek Pkwy., Suite 600-D
Birmingham, AL 35209

M & M Trucking Company, Inc.
Rollen Rock, Inc.
Brett McAnally d/b/a Rollen Rock, Inc.
Rolling Rock, Inc.
Brett McAnally d/b/a Rolling Rock, Inc.
c/o Elizabeth McAdory Borg
THE MCADORY BORG LAWFIRM, P.C.
121 Mitchum Avenue
Auburn, AL 36830

Jeff Fair
c/o James B. Douglas, Jr.
P.O. Box 1423
Auburn, AL 36831-1423

Nationwide Mutual Insurance Company
c/o George M. Vaughn
PADEN & PADEN, P.C.
5 Riverchase Ridge
Birmingham, AL 35244

Farmers Insurance Exchange
c/o Ronald J. Gault
GAINES, WOLTER & KINNEY, P.C.
3500 Blue Lake Drive, Suite 425
Birmingham, AL 35243

Darrel L. McDonel
103 Deer Trace
Prattville, AL 36067

                                              s/David R. Wells
                                              OF COUNSEL

# EXHIBIT 1

Case 3:07-cv-00095-MHT-WC   Document 20-2   Filed 03/06/2007   Page 1 of 15

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STEPHEN L. THOMAS, as the Personal )<br>Representative and Administrator of the )<br>Estate of JANA E. THOMAS, deceased, )<br>T.T., a minor, by and through her next )<br>friend and father, STEPHEN L. THOMAS; )<br>H. T., a minor by and through his next )<br>friend and father, STEPHEN L. THOMAS; )<br>M & M TRUCKING COMPANY, INC.; )<br>DARREL L. MCDONEL; ROLLEN )<br>ROCK, INC.; BRETT MCANALLY d/b/a )<br>ROLLEN ROCK, INC.; ROLLING ROCK, )<br>INC.; BRETT MCANALLY d/b/a )<br>ROLLING ROCK, INC.; JEFF FAIR; )<br>NATIONWIDE MUTUAL INSURANCE )<br>COMPANY; and FARMERS )<br>INSURANCE EXCHANGE, )<br>)<br>Defendants. ) | CIVIL ACTION NO.:<br><br>3:07 CV95-MHT |

## **SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, Canal Insurance Company, by and through its undersigned counsel of record, and files this Amended Complaint for Declaratory Judgment.

1

## **PARTIES**

1.  Canal Insurance Company (hereinafter "Canal") is a South Carolina Corporation with its principal place of business in Greenville, South Carolina. Canal was qualified and engaged in the business of writing insurance in the State of Alabama at all times referred to herein.

2.  Stephen L. Thomas, as Personal Representative and Administrator of the Estate of Jana E. Thomas, deceased, is a citizen of the State of Alabama, with his residence in Lee County, Alabama. Jana E. Thomas, deceased, was a citizen of the State of Alabama, with her residence in Lee County, Alabama.

3.  T. T., a minor, by and through her next friend and father, Stephen L. Thomas, is a citizen of the State of Alabama and resides in Lee County, Alabama.

4.  H. T., a minor by and through is next friend and father, Stephen L. Thomas, is a citizen of the State of Alabama and resides in Lee County, Alabama.

5.  M & M Trucking Company, Inc., is an Alabama corporation with its principal place of business in Lee County, Alabama.

6.  Darrel L. McDonel is a citizen of the State of Alabama and resides in Elmore County, Alabama.

7.  Rollen Rock, Inc., is an Alabama corporation with its principal place of business in Lee County, Alabama.

8.   Brett McAnally d/b/a Rollen Rock, Inc., is a citizen of the State of Alabama and resides in Lee County, Alabama.

9.   Jeff Fair is a citizen of the State of Alabama and resides in Lee County, Alabama.

10.   Nationwide Mutual Insurance Company is an Ohio corporation with its principal place of business in Columbus, Ohio.

11.   Farmers Insurance Exchange is a reciprocal or inter-insurance exchange with its principal place of business in Los Angeles, California. Farmers Insurance Exchange operates through its member/policyholders, which number in the millions, in 41 states but does not have policyholders in the following states: Arkansas, Delaware, Florida, Hawaii, Massachusetts, New Jersey, Rhode Island, South Carolina, and West Virginia.

## JURISDICTION AND VENUE

12.   This is a Declaratory Judgment action brought pursuant to 28 U.S.C. §2201 *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure.

13.   This lawsuit involves an insurance coverage dispute that is premised on three (3) underlying lawsuits (hereinafter, "the underlying lawsuits") styled *Stephen L. Thomas, as the Personal Representative and Administrator of the Estate of Jana E. Thomas, deceased, T. T., a minor by and through her next friend and father,*

*Stephen L. Thomas, H. T., a minor, by and through his next friend and father, Stephen L. Thomas v. M & M Trucking Company, Inc.; Darrel L. McDonel; Rollen Rock, Inc.; Brett McAnally d/b/a Rollen Rock, Inc.; Rolling Rock, Inc.; Brett McAnally d/b/a Rolling Rock, Inc.,* in the Circuit Court of Lee County, Alabama, bearing Civil Action Number: CV-05-771 (hereinafter, "the Thomas Lawsuit"); *Jeff Fair v. Darrel Lee McDonel; M & M Trucking Company,* in the Circuit Court of Lee County, Alabama, bearing Civil Action Number CV-06-403 (hereinafter, "the Fair Lawsuit"); and *Nationwide Mutual Insurance Company and Jeffrey Fair v. M & M Trucking Company, Inc., and Darrel L. McDonel,* in the Circuit Court of Lee County, Alabama, bearing Civil Action Number CV-06-526 (hereinafter, "the Nationwide Lawsuit").

14. Jurisdiction in this matter is premised on diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1).

15. Complete diversity exists in this matter and the amount in controversy exceeds Seventy-Five Thousand and no/100 Dollars ($75,000) exclusive of interest and costs.

16. Venue in this matter is appropriate pursuant to 28 U.S.C. §1391.

### FACTS

17. On November 25, 2005, Stephen L. Thomas filed the Thomas Lawsuit in the Circuit Court of Lee County, Alabama against M & M Trucking Company,

Darrel L. McDonel, Farmers Insurance Exchange, and twenty (20) fictitious party defendants. A copy of the Complaint in the Thomas lawsuit is attached to Canal's Complaint for Declaratory Judgment as "Exhibit 1".

18. Subsequently, Stephen Thomas filed an Amended Complaint on May 24, 2006, adding as additional defendants, Rollen Rock, Inc., Brett McAnally d/b/a Rollen Rock, Inc., Rolling Rock, Inc., and Brett McAnally d/b/a Rolling Rock, Inc. A copy of the Amended Complaint in the Thomas Lawsuit is attached to Canal's Complaint for Declaratory Judgment as "Exhibit 2."

19. On June 13, 2006, Jeff Fair filed a Complaint in the Circuit Court of Lee County, Alabama against Daryl Lee McDonald and M & M Trucking Company and 26 fictitious defendants. A copy of the Fair Lawsuit is attached to Canal's Complaint for Declaratory Judgment as "Exhibit 3."

20. On August 1, 2006, Nationwide Mutual Insurance Company and Jeffrey Fair filed a Complaint in the Circuit Court of Lee County, Alabama against M & M Trucking Company, Inc., and Daryl L. McDonald. A copy of the Complaint in the Nationwide Lawsuit is attached to Canal's Complaint for Declaratory Judgment as "Exhibit 4."

21. The allegations in all of the underlying lawsuits are essentially the same. The Thomas Lawsuit, Fair Lawsuit and Nationwide Lawsuit all allege that on or

about October 24, 2005, Darrel McDonel was operating a motor vehicle in the line and scope of his employment with M & M Trucking Company, Inc., during which time McDonel negligently and/or wantonly allowed the truck to strike motor vehicles being driven by Jana E. Thomas, and in which minor Plaintiffs Taylor Thomas and Hunter Thomas were riding, and a vehicle being driven by Jeffrey Fair. The Thomas Lawsuit and Fair Lawsuit also allege causes of action against M & M Trucking Company, Inc., based upon the principal of *respondeat superior*. Furthermore, the Thomas Lawsuit alleges causes of action against Rollen Rock, Inc., Brett McAnally d/b/a Rollen Rock, Inc., Rolling Rock, Inc., and Brett McAnally d/b/a Rolling Rock, Inc., on various other theories related to the ownership and maintenance of the motor vehicle McDonel was operating at the time of the accident.

22. The underlying lawsuits assert various causes of action and demand judgment against Darrel McDonel, M & M Trucking Company, Inc., Rollen Rock, Inc., Brett McAnally d/b/a Rollen Rock, Inc., Rolling Rock, Inc., Brett McAnally d/b/a Rolling Rock, Inc., and Farmers Insurance Exchange for compensatory and punitive damages arising out of damages allegedly sustained in the accident.

23. Canal issued a Basic Automobile Liability Policy to M & M Trucking, Inc., bearing Policy Number 373790 (hereinafter, "the Canal Policy") with effective dates of coverage from November 19, 2004 through November 19, 2005. A true and

correct copy of the Canal Policy is attached to Canal's Complaint for Declaratory Judgment as "Exhibit 5."

24.  The Canal Policy issued to M & M Trucking, Inc., contains the following terms, conditions, provisions and endorsements:

**SECTION A - BASIC AUTOMOBILE LIABILITY INSURANCE**

    I.    **COVERAGE A - BODILY INJURY LIABILITY - - COVERAGE B - PROPERTY DAMAGE LIABILITY:**

The company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as damages because of

**bodily injury or property damage**

to which this insurance applies, caused by an **occurrence** and arising out of the ownership, maintenance or use, including loading and unloading, for the purposes stated as applicable thereto in the declarations, of an **owned automobile** or of a **temporary substitute automobile**, and the company shall have the right and duty to defend any suit against the **insured** seeking damages on account of such **bodily injury** or **property damage**, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

. . . . .

    IV.    **LIMITS OF LIABILITY:** Regardless of the number of (1) **insureds** under this policy, (2) persons or organizations who sustain **bodily injury** or **property damage**, (3) claims made or suits brought on account of **bodily injury** or **property damage**

7

or (4) **automobiles** to which this policy applies, the company's liability is limited as follows:

**Coverage A** - The limit of **bodily injury** liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages, because of **bodily injury** sustained by one person as the result of any one **occurrence**; but subject to the above provision respecting "each person", the total liability of the company for all damages, including damages for care and loss of services, because of **bodily injury** sustained by two or more persons as the result of any one **occurrence** shall not exceed the limit of **bodily injury** liability stated in the declarations as applicable to "each **occurrence**".

**Coverage B** - The total liability of the company for all damages because of all **property damage** sustained by one or more persons or organizations as the result of any one **occurrence** shall not exceed the limit of **property damage** liability stated in the declarations as applicable to "each **occurrence**."

**Coverages A and B** - For the purpose of determining the limit of the company's liability, all **bodily injury** and **property damage** arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one **occurrence**.

. . . . .

VI.  **DEFINITIONS:** When used in this policy (including endorsements forming a part hereof):

**"automobile"** means a land motor vehicle, trailer or semi-trailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include **mobile equipment**;

**"bodily injury"** means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom;

8

"**insured**" means any person or organization qualifying as an insured in the "Persons Insured" provision of the applicable insurance coverage. The insurance afforded applies separately to each **insured** against whom claim is made or suit is brought, except with respect to the limits of the company's liability;

. . . . .

"**named insured**" means the person or organization named in Item 1 of the declarations of this policy;

"**occurrence**" means an accident, including continuous or repeated exposure to conditions, which results in **bodily injury** or **property damage** neither expected nor intended from the standpoint of the **insured**;

25. The Canal Policy provides $1 million in combined single limits liability coverage per occurrence.

26. There is a potential that damages awarded as a result of the three underlying actions may exceed the Canal Policy limits of $1 million per occurrence.

27. Personal counsel for the named insured, Elizabeth McAdory Borg, has written to Canal asserting that the three underlying lawsuits were a result of two separate occurrences under the Canal Policy.

## BILL OF COMPLAINT

## COUNT ONE

## DECLARATORY JUDGMENT

28. That the collisions made the basis of the three underlying lawsuits

constitute a single accident or "occurrence" under the Canal Policy.

29. Canal alleges that a justiciable controversy exists regarding its rights, duties and obligations under the applicable policy of insurance.

WHEREFORE, premises considered, Plaintiff Canal Insurance Company prays this Court will determine the rights, duties and obligations of the parties.

## COUNT TWO

## INTERPLEADER

30. Canal Asserts that due to the nature of the three underlying lawsuits, its insureds may be exposed to double or multiple liability in excess of the single occurrence liability limit of one million dollars ($1,000,000).

31. Therefore, pursuant to Rule 22 of the Federal Rules of Civil Procedure, Canal seeks to interplead its single occurrence policy limits of one million dollars by paying the same to the Clerk of Court and allowing the Plaintiffs in the three underlying lawsuits, which are Defendants in this action, to show this Court the damages to which they may be entitled.

32. Canal further requests that after interpleading the single occurrence policy limits of one million dollars into the Clerk of Court, this Court discharge Canal, and its insureds, M & M Trucking Company, Inc., Darrel L. McDonel, Rollen Rock, Inc., Brett McAnally d/b/a Rollen Rock, Inc., Rolling Rock, Inc., and Brett

McAnally d/b/a Rolling Rock, Inc., from any further or other liability to the Plaintiffs in the three underlying lawsuits.

WHEREFORE, premises considered, Plaintiff Canal Insurance Company requests:

1. That this Court take jurisdiction of this cause;

2. That this Court Order, Adjudge and Decree that this is a proper cause for an action of Declaratory Judgment that there is a bonafide controversy as to the legal rights, duties, status and liability;

3. That this Court stay entry of final judgment in the underlying lawsuits until all coverage issues are determined and declared by this Court;

4. That upon a final hearing of this cause, this Court will declare the rights, duties, status and legal relations of Canal Insurance Company and all named Defendants to this action under the applicable policy of insurance;

5. That upon a final decree of this cause, this Court will Order, Adjudge, Declare and Decree that the collisions made the basis of the underlying lawsuits constitute a single "occurrence" under the

Canal Policy and that a single $1 million per occurrence policy limit applies; and

6. Canal Insurance Company requests any such other, further and different relief as it may be entitled to, and offers to due equity and further requests that it be mistaken in any special relief herein sought is denied, then it requests other, further or more general relief to which it may be entitled.

Respectfully submitted,

s/David R. Wells
K. DONALD SIMMS (ASB-9801-M63K)
DAVID R. WELLS (ASB-5009-L50D)
Attorneys for Plaintiff,
Canal Insurance Company

OF COUNSEL:

MILLER, HAMILTON,
SNIDER & ODOM, L.L.C.
500 Financial Center
505 20th Street North
Birmingham, Alabama 35203
(205) 226-5200
(205) 226-5226   fax

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing pleading has been served upon the following via the CM/ECF electronic filing system, as well as by United States Mail, first-class postage pre-paid and properly addressed on this 6th day of March, 2007.

Steven L. Thomas
T. T.
H. T.
c/o David H. Marsh
Jeffrey C. Rickard
MARSH, RICKARD & BRYAN, P.C.
800 Shades Creek Pkwy., Suite 600-D
Birmingham, AL 35209

M & M Trucking Company, Inc.
Rollen Rock, Inc.
Brett McAnally d/b/a Rollen Rock, Inc.
Rolling Rock, Inc.
Brett McAnally d/b/a Rolling Rock, Inc.
c/o Elizabeth McAdory Borg
THE MCADORY BORG LAWFIRM, P.C.
121 Mitchum Avenue
Auburn, AL 36830

Jeff Fair
c/o James B. Douglas, Jr.
P.O. Box 1423
Auburn, AL 36831-1423

Nationwide Mutual Insurance Company
c/o George M. Vaughn
PADEN & PADEN, P.C.
5 Riverchase Ridge
Birmingham, AL 35244

Farmers Insurance Exchange
c/o Ronald J. Gault
GAINES, WOLTER & KINNEY, P.C.
3500 Blue Lake Drive, Suite 425
Birmingham, AL 35243

Darrel L. McDonel
103 Deer Trace
Prattville, AL 36067

                                      s/David R. Wells
                                      OF COUNSEL