IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| vs. ) | |
| ) | 3:07cv95-MHT |
| STEPHEN L. THOMAS, et al., ) | |
| ) | |
| Defendants. ) | |

**MOTION TO DISMISS**

Comes now Stephen L. Thomas, who is one of the named Defendants in this declaratory judgment action, and respectfully moves the Court to DISMISS this action in favor of the parallel state court action that is presently pending in the Circuit Court of Lee County, Alabama. This motion is premised upon the Abstention Doctrine as it was explained in *Ameritas Variable Life Ins. Co. v. Roach*, 411 F. 3d 1328 (11th Cir. 2005), and as it was applied more recently in *St. Paul Fire & Marine Ins. Co. v. Johnson Homes of Meridian, Inc.*, 2005 U.S. Dist. LEXIS 35403 (S.D. Ala. Oct. 24, 2005).

The Complaint that was filed in the present action on February 2, 2007, and the Second Amended Complaint that was filed on March 6, 2007, by the Plaintiff, Canal Insurance Company, both explicitly state (at ¶ 13) that: "This lawsuit involves an insurance coverage dispute that is premised on three (3)

underlying lawsuits[.]"  One of those three underlying lawsuits, which was brought by the present movant, Defendant Stephen L. Thomas, is *Stephen L. Thomas, etc. v. M & M Trucking, Inc., et al.*, Civil Action No. CV-05-771, in the Circuit Court of Lee County, Alabama.

Canal Insurance Company's present action was brought in this Court on the basis of diversity jurisdiction (Complaint and Second Amended Complaint at ¶¶ 14 and 15) and the issues presented (which ask the Court to construe insurance policy provisions) are **not** governed by federal law.  The prayers for relief in both the Complaint and Second Amended Complaint ask the Court to "declare the rights, duties, status and legal relations of Canal Insurance Company and all named Defendants" (including the present movant, Defendant Stephen L. Thomas) "under the applicable policy of insurance."

In *Ameritas v. Roach*, the Eleventh Circuit affirmed Judge Propst's order dismissing an insurer's declaratory judgment in favor of a parallel state court action.  411 F. 3d at 1329-30.  Judge Propst "found that the declaratory judgment action amounted to unnecessary and inappropriate interference with the parallel state court action, which will resolve the entire controversy, and granted a dismissal."  411 F. 3d at 1329.  He "ultimately determined that the state court was the more appropriate forum in which to hear the complete controversy[.]"  411 F. 3d at 1330.

In affirming the trial court's order, the Eleventh Circuit's per curiam opinion said:

> The Declaratory Judgment Action is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." [ . . . ]  It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so.  [ . . . ]  In fact, in cases such as this, the Supreme Court has expressed that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another is pending in a state court presenting the same issues, not governed by federal law, between the same parties." [ . . . ]  The Supreme Court has warned that gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided."  [ . . . ]  This warning should be heeded.

411 F. 3d at 1330 (citations omitted).

In *St. Paul v. Johnson Homes*, Judge Cassady applied the holdings in *Ameritas v. Roach* and dismissed a declaratory judgment complaint filed by the insurer of a mobile home dealer that had been found liable by the arbitrator for breach of contract and negligent setup of a mobile home.  The mobile home customer filed a process of garnishment in state court to enforce

the arbitrator's award and the insurer of the mobile home dealer brought a declaratory judgment action in federal court under the diversity statute. 2005 U.S. Dist. LEXIS 35403 at *7-8.

The judge in *St. Paul v. Johnson Homes* rationalized his order dismissing the insurer's declaratory judgment complaint, in part as follows:

> Certainly, the instant action would not serve to clarify the legal relations at issue in a manner that cannot be accomplished in the state courts of Alabama. [ . . . ] [W]here, as here, there is pending in state court another suit involving the same relevant parties and presenting the opportunity for ventilation of the same state law issues it would be sheer gratuitous interference by this Court to allow the declaratory judgment action to proceed. Stated differently, this Court finds that allowing the instant declaratory judgment action to proceed would increase the friction between federal and state courts and improperly encroach on state jurisdiction. It is imperative that this Court not race the state courts to *res judicata*, at the behest of St. Paul, given that this case involves the application of state law and is best decided by the state courts of Alabama.

*Id.* at *30-32 (citations omitted).

In the present case, it is clear that construction of the insurance policy provisions that are set out in Canal Insurance Company's complaint will only involve the application of state law that is best decided by the courts of Alabama. And as was "obvious" in *St. Paul v. Johnson Homes*, it is also the case here that "no federal common or statutory law dictates a resolution of the instant declaratory judgment action." *Id.* at *31, n. 6.

In another Alabama case, *Employers Mut. Cas. Co. v. All Seasons Window & Door Mfg., Inc.*, 387 F. Supp. 2d 1205 (S.D. Ala. 2005), Judge Steele granted a motion to dismiss a declaratory judgment action brought by the insurer of a window manufacturer that was a defendant in four state-court lawsuits. The four plaintiffs in the state court actions and the window manufacturer were named as defendants in the federal declaratory judgment complaint. Near the end of his opinion, which stated that the complaint would be dismissed without prejudice, Judge Steele noted that, "under Alabama law, 'in an action seeking indemnification the limitations period does not begin to run until liability has become fixed, [and] there is no risk that a relevant limitations period will expire pending the conclusion of the state proceedings." 387 F. Supp. 2d at 1212 (citation omitted).

Very recently, Chief Judge Clemon dismissed a similar declaratory judgment action brought by an insurer, on the basis

of the Abstention Doctrine, concluding in that case that "the determination of the insurer's duty to defend and/or indemnify entails the application of state law and not federal law. [ . . . ] [T]his Court should and will exercise its discretion to abstain from this declaratory action in favor of the pending state court action." (See attached Exhibit A, which is a copy of Judge Clemon's Memorandum Opinion that was entered in *Bituminous Casualty Corp. v. Beacon Asphalt, Inc., et al.*, Civil Action No. 6:06-CV-1065-UWC, on March 30, 2006.)

As was noted above, the **only** basis of subject matter jurisdiction that Canal Insurance Company has asserted in this action is that of diversity of citizenship. If the Court exercises it discretion to abstain from jurisdiction over Canal Insurance Company's declaratory judgment action, there is no jurisdictional basis remaining. "Count Two" of Canal Insurance Company's Second Amended Complaint seeks to interplead the limits of the insurance policy that it issued, "pursuant to Rule 22 of the Federal Rules of Civil Procedure." (Second Amended Complaint (Doc. 20-2) at ¶ 31.) But Rule 22 alone does not supply any basis for subject matter jurisdiction. "[F]or the interpleader to be proper under Rule 22(1), it must be within some statutory grant of jurisdiction." *Gelfgren v. Republic Nat'l Life Ins. Co.*, 680 F. 2d 79, 81 (9th Cir. 1982). In *Perkins State Bank v. Connolly*, 632 F. 2d 1306, 1311 & n.3 (5th Cir. 1980), the court

noted that "'rule interpleader' may only be invoked where all jurisdictional requisites otherwise are met[.]"  (Citing 7 C. Wright & A. Miller, *Federal Pract. & Proc.* § 1703 (1972).)

    BASED UPON THE FOREGOING, the Defendant, Stephen L. Thomas, respectfully asks the Court to DISMISS the instant declaratory judgment action in favor of the parallel state action pending in the Circuit Court of Lee County, Alabama.

    Respectfully submitted,


    __s/Jeffrey C. Rickard__
Jeffrey C. Rickard, Esquire
ASB0260-C63J
Attorney for Defendant, Lindley
MARSH, RICKARD & BRYAN, P.C.
800 Shades Creek Parkway
Suite 600-D
Birmingham, Alabama   35209
Telephone:  205-879-1981
Facsimile:  205-879-1986 Fax
E-Mail:  jrickard@mrblaw.com

## **CERTIFICATE OF SERVICE**

    I do hereby certify that a true and correct copy of the foregoing pleading has been served upon the following via the CV/ECF electronic filing system, as well as by United States Mail, first-class postage pre-paid and properly addressed on this 30th day of March, 2007.

**COUNSEL AND PARTIES OF RECORD:**

Elizabeth Borg
McADORY BORG LAW FIRM, P.C.
121 Mitchum Avenue
Auburn, Alabama   36830

George M. Vaughn
PADEN & PADEN, P.C.
5 Riverchase Ridge
Birmingham, Alabama   35244

Ronald J. Gault
GAINES, WOLTER & KINNEY, P.C.
3500 Blue Lake Drive, Suite 425
Birmingham, Alabama   35243

Adam M. Milam
Keri D. Simms
David R. Wells
MILLER, HAMILTON, SNIDER & ODOM, LLC
505 North 20th Street, Suite 1200
Birmingham, Alabama 35203

Darel L. McDonel
Pro Se
103 Deer Trace
Prattville, Alabama   36067

                                                      s/Jeffrey C. Rickard
                                                      Jeffrey C. Rickard
                                                      Attorney for Defendant Thomas

FILED
2006 Jun-30 PM 03:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| BITUMINOUS CASUALTY CORPORATION, ) ) ) Plaintiff, ) ) v. ) ) BEACON ASPHALT, INC. and ) PHILLIP MICHAEL LINDLEY as ) personal representative of the estate of ) DEREK JEROME LINDLEY, ) deceased, ) ) Defendants. ) | Civil Action Number 6:06-cv-01065-UWC |

**DEFENDANT'S EXHIBIT A**

**MEMORANDUM OPINION**

On June 6, 2006, a declaratory judgment action was filed by Plaintiff Bituminous Casualty Corporation ("Bituminous") against Defendants Beacon Asphalt, Inc., ("Beacon") Tri-County Construction, Inc. ("Tri-County") and Philip Michael Lindley as personal representative of the Estate of Derek Jerome Lindley ("Lindley") for a determination of whether Bituminous has a duty to defend or a duty to indemnify Beacon in a state court action pending in the Circuit Court of Marion County, Alabama (CV-2005-27).

The present matter before this Court is a motion to dismiss filed by Lindley and opposed by Bituminous. Upon careful consideration, this Court finds that the motion is due to be granted.

As clearly stated in the Complaint for Declaratory Judgment, "This action ... arises out of

1

Beacon's request for defense and indemnity in the lawsuit styled *Philip Michael Lindley as the Personal Representative of the Estate of Derek Jerome Lindley, deceased v. Magnolia Trailors, Inc. et al*, which is pending in the Circuit Court of Marion County, Alabama, under case number CV-2005-27." The state action (CV-2005-27), a wrongful death claim, was filed on February 7, 2005, arising from an accident occurring in September 2004. (Compl. ¶10.) Bituminous is providing Beacon with defense counsel in the state court action pursuant to a full reservation of rights.

The question of whether Bituminous owes a duty to defend and/or a duty to indemnify necessarily requires a construction of insurance policy provisions involving the application of state law rather than federal law. Moreover, this declaratory judgment action appears to be an unnecessary interference with the state action noted above. The pivotal question is whether the abstention doctrine applies. *See Ameritus Variable Life Insurance Coompany v. Roach*, 411 F.3d 1328 (11th Cir. 2005) (affirming the district court's exercise of discretion in the dismissal of an insurer's declaratory judgment in favor of a pending state action). "[I]t would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id.* at 1330 (quoting *Brillhart v. Excess Ins. Co.*, 326 U.S. 491, 495 (1942)).

In opposition to the motion to dismiss, Bituminous seeks to distinguish *Ameritas Variable Life Ins. Co. v. Roach* by noting that Bituminous, as the insurer providing defense counsel in the state court action, is not actually a party in the state court action. But, Bituminous has not suggested any reason why it cannot intervene in the state court action so that the declaratory judgment issues can be resolved in the state court forum.

2

The pending state court action has been ongoing since February 7, 2005 with all the attendant issues surrounding the case before the state court. Further, the determination of the insurer's duty to defend and/or indemnify entails the application of state law not federal law.

In consideration of the relevant facts and circumstances and in the interest of judicial economy, this Court should and will exercise its discretion to abstain from this declaratory action in favor of the pending state court action.

By separate order, this case will be dismissed.

Done this 30th day of June, 2006.

U.W. Clemon<br>
Chief United States District Judge

3