IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| STEPHEN L. THOMAS, as the Personal | ) | 3:07 CV95-MHT |
| Representative and Administrator of the | ) | |
| Estate of JANA E. THOMAS, deceased, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

COMES NOW the Plaintiff, Canal Insurance Company ("Canal"), and moves this Court to enter an Order denying the Motion to Dismiss filed on behalf of Defendant Stephen L. Thomas, and as grounds for such shows unto the Court as follows:

1.     Defendant Stephen L. Thomas ("Thomas") is correct in his Motion to Dismiss that Canal's Complaint for Declaratory Judgment is based on diversity jurisdiction, and seeks to have this Court determine the rights, duties and obligations of the parties under a contract of insurance issued by Canal to one of the Defendants in this action, M & M Trucking, Inc.

2.     Thomas is also correct that the only other claim asserted by Canal is an

interpleader action.

3. However, Thomas is incorrect that this Court should dismiss Canal's Declaratory Judgement Action based upon the Abstention Doctrine as explained in Ameritas Variable Life Ins. Co. v. Roach, 411 F. 3rd 1328 (11th Cir. 205). In fact, counsel for Canal finds it interesting that Thomas's counsel never actually mentions the factors to be considered as set forth by the 11th Circuit in Ameritas.

4. The factors for this Court to consider in whether or not to exercise its right to abstention and dismiss this action are as follows: (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state court; (2) whether the judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" - this is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable; (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better or more effective; (7) whether the underlying factual issues are important to an informed resolution of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; (9) whether there is a close nexus between the underlying factual

and legal issues and state law and/or public policy, whether federal, common or statutory law dictates a resolution of the declaratory judgment action. *See* <u>Ameritas</u>, 411 F. 3rd at 1331.

5.    In viewing the nine factors set forth by the 11th Circuit in light of the facts and circumstances of the case at bar, it is clear that at best three of the factors may weigh in favor of abstention, while five or six of the factors clearly weigh in favor of this Court retaining jurisdiction over this matter.

6.    Unlike a typical Declaratory Judgment action wherein an insurer is seeking to have a federal court determine whether or not coverage exists for an underlying claim such that the insurer would be responsible for defense and indemnity, the Declaratory Judgment action filed by Canal in this case only seeks to have this court determine whether the accident giving rise to the three underlying lawsuits constitutes a single occurrence thereby only triggering a single liability limit of $1,000,000.00. *See* Canal's Complaint for Declaratory Judgment at ¶ 28.

7.    Canal does not deny, nor has it ever claimed, that it does not owe defense or indemnity, up to the applicable liability limits, for the claims asserted in the three underlying lawsuits. Canal is simply seeking to have this Court determine whether or not the accident giving rise to those three lawsuits constitutes a single occurrence.

8.    For that reason, this Court is the only Court that has jurisdiction over all the parties who claim an interest in the proceeds of the Canal Policy. Specifically, if

this Court were to exercise abstention and dismiss Canal's Declaratory Judgment Action, Canal would be forced to seek intervention in the three (3) underlying lawsuits which have been assigned to two (2) different Circuit Court Judges in Lee County, Alabama. For that reason, Canal potentially could be faced with conflicting rulings on this issue. In fact, it is conceivable that one Circuit Court Judge could rule the accident giving rise to the three underlying lawsuits constitutes a single occurrence, while a different Judge could determine it is the result of multiple occurrences.

9.     For that reason, the second factor cited in <u>Ameritas</u> would clearly favor this Court retaining jurisdiction over this matter, as this action would resolve the controversy as to whether the accident constitutes this is a single or multiple occurrence. Additionally, the third factor would also be resolved in that the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue and would weigh in favor of this Court retaining jurisdiction.

10.    Additionally, factors one and four do not appear applicable as the declaratory judgment action was not filed for purposes of "procedural fencing," and it is highly unlikely the State of Alabama, or any of the trial courts, have any great interest in having this sole issue decided in state court as opposed to this Court. Therefore factors one and four do not appear applicable.

11.    Furthermore, factor five is also likely inapplicable as this Court determining whether or not the accidents give rise to a single or multiple occurrence

would not increase or create friction between the federal and state courts.

12.    As previously stated, there is not an alternative remedy available to Canal which is better suited to resolve these issues.  Therefore, factor six would weigh in favor of this Court retaining jurisdiction over this matter.

13.    Additionally, while factors seven, eight and nine appear to potentially weigh in favor of abstention, the fact Canal that could be faced with conflicting rulings in multiple courts, actually weighs in favor of this Court retaining jurisdiction. While there is no doubt that some facts also present in the underlying cases will be necessary to adjudicate the single or multiple occurrence issue, the State Courts are not in a better position to address those factual findings for the reasons previously stated.  Therefore, this Court is in the best position to rule on the factual issues in light of the applicable policy language to determine whether or not the accident giving rise to the underlying lawsuits constitute a single or multiple occurrence.  For that reason, factors seven and eight actually weigh against abstention.  In fact, the only factor that truly weighs in favor of abstention is factor nine, as it is clear the issues to be decided by this Court would be based upon state law principles of contract.

14.    Another issue to consider is that in Judge Probst's Order dismissing the insurer's declaratory judgment action in <u>Ameritas</u> in favor of a parallel state court action, Judge Probst noted that certain parties named as defendants in the state court action were not parties to the federal declaratory judgment action filed by the insurer.

For that reason, Judge Probst determined that he had before him an incomplete set of parties and claims and that the state court action encompassed the complete controversy. *See* Ameritas, 411 Fed. 3rd at 1331. However, the facts of this case are completely the opposite. The case before this Court is the only case with a complete set of parties on the sole issue raised in Canal's Complaint for Declaratory Judgment. If this Court were to exercise abstention in favor of the three underlying state court actions, there is no current proceeding whereby all the parties who claim an interest in the Canal Policy are joined in a single action. Therefore, part of the rationale utilized by Judge Probst in Ameritas is not present in this case.

15.    Clearly, in reviewing the claims asserted in Canal's Complaint for Declaratory Judgment in light of the factors set forth by the 11th Circuit in Ameritas, it is clear this Court should deny Thomas's Motion to Dismiss and refuse to exercise its abstention power and should instead retain jurisdiction of this matter to achieve a complete resolution of the claims asserted.

WHEREFORE, premises considered, Plaintiff Canal Insurance Company prays this Court will enter an Order denying Defendant Stephen Thomas's Motion to Dismiss.

Respectfully submitted,


s/David R. Wells
K. DONALD SIMMS (ASB-9801-M63K)
DAVID R. WELLS (ASB-5009-L50D)
Attorneys for Plaintiff,
Canal Insurance Company


OF COUNSEL:

MILLER, HAMILTON, SNIDER & ODOM, L.L.C.
500 Financial Center
505 20th Street North
Birmingham, Alabama 35203
(205) 226-5200
(205) 226-5226     fax


## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing pleading has been served upon the following via the CM/ECF electronic filing system, as well as by United States Mail, first-class postage pre-paid and properly addressed on this 9th day of April, 2007.

David H. Marsh
Jeffrey C. Rickard
MARSH, RICKARD & BRYAN, P.C.
800 Shades Creek Pkwy., Suite 600-D
Birmingham, AL 35209

Elizabeth McAdory Borg
THE MCADORY BORG LAWFIRM, P.C.
121 Mitchum Avenue
Auburn, AL 36830

James B. Douglas, Jr.
P.O. Box 1423
Auburn, AL 36831-1423

Ronald J. Gault
GAINES, WOLTER & KINNEY, P.C.
3500 Blue Lake Drive, Suite 425
Birmingham, AL 35243

Darrel L. McDonel
103 Deer Trace
Prattville, AL 36067

George M. Vaughn
PADEN & PADEN, P.C.
5 Riverchase Ridge
Birmingham, AL 35244

s/David R. Wells
OF COUNSEL