IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY )<br>)<br>Plaintiff,            )<br>)<br>v.                         )<br>)<br>STEPHEN L. THOMAS, as the Personal )<br>Representative and Administrator of the )<br>Estate of JANA E. THOMAS, deceased, )<br>TAYLOR THOMAS, a minor, by and )<br>through her next friend and father, )<br>STEPHEN L. THOMAS; )<br>M & M TRUCKING COMPANY, INC.; )<br>DARYL L. MCDONALD; )<br>ROLLEN ROCK, INC., )<br>BRETT MCANALLY d/b/a ROLLING )<br>ROCK, INC.; JEFF FAIR; NATIONWIDE )<br>MUTUAL INSURANCE COMPANY; and )<br>FARMERS INSURANCE EXCHANGE, )<br>)<br>Defendants.            ) | CIVIL ACTION NO.:<br><br>3:07 CV95-MHT |

**PLAINTIFF'S MOTION TO DISMISS**

COMES NOW the Plaintiff, Canal Insurance Company, by and through it undersigned counsel of record, and pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, moves this Honorable Court to enter an Order dismissing this action, without prejudice, and as grounds for such shows unto the Court as follows:

1. This action was initiated upon the filing of a Complaint for Declaratory Judgment by Plaintiff Canal Insurance Company ("Canal").

2. The basis for the Declaratory Judgment action arose from a motor vehicle accident that occurred in Lee County, Alabama, involving a collision with multiple automobiles and from which three (3) lawsuits were subsequently filed in Circuit Court of Lee County.

3. As a result of the collision, and subsequent lawsuits, an issue was presented whether or not the motor vehicle accident constituted a single occurrence or multiple occurrences, which would directly affect the amount of liability coverage afforded by Canal.

4. It is Canal's understanding that all three (3) of the underlying lawsuits have now been settled. Therefore, the issue of whether or not the motor vehicle accident constituted a single or multiple occurrences appears to be moot.

5. For that reason, Canal respectfully submits that there does not appear to be a need for this Court to rule on that issue raised in its Complaint for Declaratory Judgment and this action can be dismissed.

6. However, Canal would respectfully request that this Court dismiss this action without prejudice in case one of the Defendants in the Declaratory Judgment subsequently raised an issue about whether additional coverage should be afforded under the Canal Policy for the settlements reached, thereby affording Canal the protection of refiling its Complaint for Declaratory Judgment and have this Court adjudicate that issue.

WHEREFORE, premises considered, Plaintiff, Canal Insurance Company, prays this Court will enter an Order dismissing this action, without prejudice, for the foregoing reasons.

                                                  Respectfully submitted,

                                                  s/David R. Wells
                                                  K. DONALD SIMMS (ASB-9801-M63K)
                                                  DAVID R. WELLS (ASB-5009-L50D)
                                                  Attorneys for Plaintiff,
                                                  Canal Insurance Company

OF COUNSEL:

WHITAKER, MUDD, SIMMS, LUKE & WELLS, LLC
2001 Park Place N.
Suite 400
Birmingham, AL 35203
(205) 639-5300
(205) 639-5350 (fax)

## CERTIFICATE OF SERVICE

    I do hereby certify that a true and correct copy of the foregoing pleading has been served upon all counsel of record via the CM/ECF electronic filing system on this 7th day of April, 2008.

                                                  s/David R. Wells
                                                  OF COUNSEL